Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdaltonlaw.com
Tel. (337) 371-0375

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF CALIFORNIA**
**SAN DIEGO DIVISION**

| | | |
|---|---|---|
| MICHAEL WILLIAM COURSON AND ALISON WEINGARTEN COURSON § § § *Plaintiff* § v. § § REGENCY RV; § LA MESA R.V. CENTER, INC.; AND § COACHWERX, LLC § § *Defendants* § | | CIVIL ACTION NO: '21CV0980 BEN MSB  JURY TRIAL REQUESTED |

**COMPLAINT**

**I.   Parties**

1.   Plaintiffs, MICHAEL WILLIAM COURSON and ALISON WEINGARTEN COURSON, are individuals that now and have been at all times citizens of the State of California.

2.   Defendant, REGENCY RV, is a Texas citizen and corporation authorized to do and doing business in the State of California with its principal place of business located at 4709 Lone Star Boulevard, Fort Worth, Texas 76106 and a warrantor of a Recreational Vehicle that Plaintiffs purchased and is a merchant in goods of the kind involved in this case.

REGENCY RV's agent for service of process is 4709 Lone Star Boulevard, Fort

Worth, Texas 76106.

3. Defendant, LA MESA R.V. CENTER, INC., hereinafter "LA MESA R.V.," is a California citizen and corporation authorized to do and doing business in the State of California and a seller of a Recreational Vehicle that Plaintiffs purchased and is a merchant in goods of the kind involved in this case.

LA MESA R.V. 's agent for service of process is Jason J Kimbrell, 7430 Copley Park Place, San Diego, California 92111.

4. Defendant, COACHWERX, LLC, hereinafter "COACHWERX", is a California citizen and limited liability company authorized to do and doing business in the State of California and a warranty repair facility of a Recreational Vehicle that Plaintiffs purchased and is a merchant in goods of the kind involved in this case.

COACHWERX's agent for service of process is Bruce Zaer, 9663 Tierra Grande Street #203, Sand Diego, CA 92126.

## II. Jurisdiction

5. This court has jurisdiction over this lawsuit because the suit arises under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d).

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiffs' state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

## III. Venue

6. Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendants

are subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

### IV.   Conditions Precedent

7.   All conditions precedents have been performed or have occurred.

### V.   Facts

#### A.   The Transaction

8.   On or about March 23, 2019, Plaintiffs purchased a 2018 REGENCY 330 XALTA XL bearing VIN: WDAPF4CCXHP396874, hereinafter "XALTA LX," from LA MESA R.V.

The "XALTA LX" was purchased primarily for Plaintiffs' personal use. The sales contract was presented to Plaintiffs at the dealership and was executed at the dealership.

9.   The sales price of the XALTA LX was $83,767.67. Civil or Punitive penalties for breach of warranty are recoverable under the Warranty Act, if they are recoverable for breach of warranty under the applicable state law. See **_Hughes v. Segal Enterprises, Inc._, 627 F. Supp. 1231, 1238 (W.D. Ark. 1986); _Chariton Vet Supply, Inc. v. Moberly Motors Co._, 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).**

#### B.   Implied Warranties

10.   As a result of the sale of the XALTA LX by Defendants to Plaintiffs, an implied warranty of merchantability arose in the transaction which included the guarantee that the XALTA LX would pass without objection in the trade under the contract description, and that the XALTA LX was fit for the ordinary purpose for which such motor vehicles are purchased.

11.   Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendants. Specifically, the Defendants impliedly warranted that the repair work

had been performed in a good and workmanlike manner.

### C.     Express Warranties

12.     In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the XALTA LX, occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the XALTA LX had, in fact, repaired the defects.

13.     Plaintiffs' purchase of the XALTA LX was accompanied by a three year express warranty offered by the Defendant, REGENCY RV, and extending to Plaintiffs. This warranty was part of the basis of the bargain of Plaintiffs' contract for purchase of the XALTA LX.

14.     The basic warranty covered any repairs or replacements needed during the three year warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in the XALTA LX's warranty booklet and owners manual. Also, the Defendant, REGENCY RV, continued to agree to extended its express warranty with the Plaintiffs to cover defects that were discovered and tendered for repairs during the original factory warranty.

### D.     Actionable Conduct

15.     In fact, when delivered, the XALTA LX was defective in materials and workmanship, with such defects being discovered within the warranty periods. Many defective conditions have occurred since purchase, including, but not limited to, the following in the Plaintiffs' own words:

> **"ELECTRICAL DEFECTS AND WATER LEAKS. THE XALTA LX HAS BEEN OUT OF SERVICE AND IN THE REPAIR FACILITY FOR OVER FOUR MONTHS AND**

**COUNTING."**

16.     Since purchase, Plaintiffs have returned their XALTA LX to the Defendants and its authorized warranty service dealers for repairs on numerous occasions. Despite this prolonged period during which Defendants were given the opportunity to repair the XALTA LX, the more significant and dangerous defects were not repaired. Defendants failed to repair the subject vehicle so as to bring it into conformity with the warranties set forth herein. From the date of its purchase, the XALTA LX, continues to this day to exhibit some or all of the non-conformities and/or defects described herein.

17.     The defects experienced by Plaintiffs with the XALTA LX substantially impaired its use, value and safety.

18.     Plaintiffs directly notified the Defendants of the defective conditions of the XALTA LX on numerous occasions. Plaintiffs notified Defendant, REGENCY RV, that they wanted a rescission of the sale of the XALTA LX but the Defendant has failed and refused to buy back Plaintiffs' defective XALTA LX.

### VI.     Causes of Action

**COUNT 1:   VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT, CIVIL CODE SECTION 1790 ET SEQ.**

19.     Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

20.     The XALTA LX is a consumer good as defined under the Song-Beverly Consumer Warranty Act.

21.     Plaintiffs are a "purchaser" of consumer goods as defined under the Song-Beverly

Consumer Warranty Act.

22. Defendant, REGENCY RV, is a "manufacturer" and "distributor" as defined under the Song-Beverly Consumer Warranty Act.

23. The sale of the vehicle to Plaintiffs was accompanied by an express written warranty.

24. The serious non-conformities have manifested themselves within the applicable express warranty period. The non-conformities substantially impair the use, value and or safety of the vehicle and or can cause serious bodily injury or death.

25. Plaintiffs brought their XALTA LX to LA MESA R.V. and COACHWERX, an authorized repair facility, for repairs on numerous occasions in attempts to have the existing express warranties satisfied.

26. Defendants have not repaired the non-conformities after a reasonable number of attempts and, as such, have failed to comply with and have breached all applicable warranty requirements.

27. Further, the sale of the XALTA LX to Plaintiffs was accompanied by implied warranties that the vehicle was merchantable and fit for a particular use.

28. Defendants have breached the implied warranties of merchantability and fitness for a particular use because the vehicle when sold would not pass without objection in the trade.

29. Despite their breach of the express and implied warranties, Defendants have refused Plaintiffs' demand for a refund or replacement.

30. By failure of Defendants to remedy the defects as alleged above, or to issue a refund or replacement, Defendants are in breach of their obligations under the Song-Beverly Consumer Warranty Act.

31.     Defendants' continuing breach of their obligations as set forth herein is willful pursuant to the Song-Beverly Consumer Warranty Act and as such, Defendants and each of them are liable to Plaintiffs for civil penalties in an amount as set forth below.

32.     Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiffs prevails.  As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton.  Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 2:    VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

33.     Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

34.     Plaintiffs are "consumers" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

35.     Defendants, REGENCY RV, LA MESA R.V., and COACHWERX, are "suppliers" and "warrantors" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

36.     The XALTA LX is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiffs in fact purchased it wholly or primarily for personal use.

37.     The express warranties more fully described herein above pertaining to the XALTA LX, is a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

38.     The actions of the Defendants as herein above described, in failing to tender the

XALTA LX to Plaintiffs free of defects and/or refusing to repair and/or replace the defective XALTA LX tendered to Plaintiffs constitute a breach of the written and implied warranties covering the XALTA LX and hence a violation of the Magnuson-Moss Warranty Act.

39. Plaintiffs have performed all things agreed to and required of them under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Defendants as herein alleged.

40. As a direct and proximate result of the acts and omissions of Defendants and each of them as set forth herein above, Plaintiffs have been damaged herein above in an amount in excess of $150,000.00 according to proof at trial.

41. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendants as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton. Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 3:   BREACH OF EXPRESS WARRANTIES**

42. Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

43. Th Defendants' advertisements and statements in written promotional and other materials contained broad claims amounting to a warranty that Plaintiffs' XALTA LX or those similarly situated were free from inherent risk of failure or latent defects. In addition, the Defendants

issued an expressed written warranty which covered the XALTA LX and warranted that the XALTA LX, was free of defects in materials and work quality at the time of delivery.

44. As alleged above, the Defendants breached its warranties by offering for sale and selling as safe to Plaintiffs a XALTA LX that was latently defective, unsafe, and likely to cause economic loss to Plaintiffs.

45. In breach of the foregoing warranties, the Defendants have failed to correct said defects.

46. The damages Plaintiffs have suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

**COUNT 4:  BREACH OF IMPLIED WARRANTIES**

47. Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

48. The Defendants impliedly warranted that Plaintiffs' XALTA LX which it designed, manufactured, and sold, were merchantable and fit and safe for their ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

49. Any purported limitation of the duration of the implied warranties contained in the written warranties given by Defendants is unreasonable and unconscionable and void under the principles of estoppel, because Defendants knew the defects existed and might not be discovered, if at all, until the XALTA LX, had been driven for a period longer than the period of the written warranty, and Defendants willfully withheld information about the defects from Plaintiffs.

50. Because of the defects, Plaintiffs' XALTA LX is unsafe and unfit for use and has caused economic loss to the Plaintiffs. Therefore, the Defendants breached the implied warranty of merchantability.

51. The damages Plaintiffs have suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

### COUNT 5:   BREACH OF CONTRACT

52. Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth in the preceding paragraphs.

53. Plaintiffs would show that the actions and/or omissions of Defendants described herein above constitute breach of the sales contract, which proximately caused the direct and consequential damages to Plaintiffs described herein below, and for which Plaintiffs hereby sues.

54. The damages Plaintiffs have suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

### VII.   Economic and Actual Damages

55. Plaintiffs sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described herein above:

   a.. Out of pocket expenses, including but not limited to the money paid towards the note securing the vehicle;

  b.  Loss of use;

  c.  Loss of the "benefit of the bargain";

  d.  Diminished or reduced market value; and

  e.  Costs of repairs.

## VIII. Request for Rescission

56. Plaintiffs seek the remedy of rescission of the sales contract which is requested in the following paragraph.

57. Plaintiffs revoke their acceptance of the XALTA LX for the reason that its defects substantially impair its value to Plaintiffs and acceptance was based on Plaintiffs' reasonable reliance on the false representations and warranties of Defendants that the defects in XALTA LX would be repaired. Accordingly, Plaintiffs seek a cancellation of the purchase transaction and an order of the court restoring to them the money obtained by Defendants as a result of the false representations and breaches of warranty set forth above.

## IX. Multiple Damages

58. The Defendants' conduct in violation of the Song-Beverly Consumer Warranty Act, Civil Code Section 1794, et seq, entitle Plaintiffs to an award for civil penalties and multiple damages.

59. Plaintiffs have rightfully rejected or justifiably revoked acceptance of the goods and/or has exercised his right to cancel the sale pursuant to Sections 2711, 2712, and 2713 of the Commercial Code.

60. Plaintiffs had previously accepted the goods, and, therefore, Sections 2714 and 2715 of the Commercial Code shall apply, and the measure of damages shall include the cost of repairs

necessary to make the goods conform.

61. The Defendants' failure to comply was willful and, therefore, the judgment should include, in addition to the amounts recovered, a civil penalty which shall not exceed two times the amount of actual damages.

### X. Attorney Fees and Costs

62. Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendants as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton. Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

### XI. Prayer

63. For these reasons, Plaintiffs pray for judgment against the Defendants for the following:

   a. For general, special and actual damages according to proof at trial;

   b. Rescinding the sale of the 2018 REGENCY 330 XALTA XL bearing VIN WDAPF4CCXHP396874 and returning to Plaintiffs the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

   c. For incidental and consequential damages according to proof at trial;

   d. Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges.

   e. Any diminution in value of the XALTA LX, attributable to the defects;

   f. Past and future economic losses;

g. Prejudgment and post-judgment interest;

h. Damages for loss of use of vehicle;

I. Civil Penalties and/or Punitive damages;

j. Damages for mental anguish;

k. Attorney fees;

l. Costs of suit, expert fees and litigation expenses; and

m All other relief this Honorable Court deems appropriate.

### XII. Demand for Jury Trial

63. Plaintiffs hereby demand a trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdaltonlaw.com
Tel. (337) 371-0375

ATTORNEY FOR PLAINTIFFS